IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Jackson Division

| | | |
|---|---|---|
| Estate of SUSAN VAUGHAN, | ) | |
| WESLEY VAUGHAN, Husband and | ) | |
| WESLEY VAUGHAN on behalf of ELIZABETH | ) | |
| CAMPBELL, EMILY CAMPBELL, and | ) | |
| THOMAS CAMPBELL, Minor Children, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:05-cv-0038-WHB-AGN |
| | ) | |
| KIA MOTORS AMERICA, INC., and | ) | |
| KIA MOTORS CORPORATION, | ) | |
| | ) | |
| Defendants. | ) | |

SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
JAN 2 6 2006
J. T. NOBLIN, CLERK
BY_____DEPUTY

## STIPULATED PROTECTIVE ORDER FOR DOCUMENTS AND INFORMATION

On the 23rd day of January, 2006, the parties to this action agreed to the following Protective Order:

The Court notes that KIA MOTORS AMERICA, INC., and KIA MOTORS CORPORATION (the "Companies"), expect to produce to the Plaintiff certain documents and information which the Companies consider to be or contain confidential information and trade secrets. The Companies desire that their confidential information and trade secrets be protected by an appropriate Protective Order.

Plaintiff agrees to enter into this Protective Order for the purpose of facilitating and expediting the discovery process and to prevent the Court from having to conduct hearings on each document or category of documents sought to be protected. By agreeing to enter into this Protective Order, Plaintiff is not stipulating that the documents and other materials designated as

confidential are entitled to confidential treatment, and Plaintiff retains the right to challenge such designation as set forth in this Protective Order.

Upon consideration of this, the Court finds good cause for a Protective Order to be entered pursuant to Rule 26 of the Federal Rules of Civil Procedure to protect the Companies' trade secrets and other confidential research, development, or commercial information

IT IS, THEREFORE, Ordered that the following procedure shall govern the designation, production, use, challenges, and disposal of confidential documents and information.

1. Designation of Confidential Documents and Information.

The Companies shall mark any document, discovery disclosure, or other material or thing that the Companies claim to contain trade secrets or other confidential research, development, or commercial information (hereinafter "Confidential Documents and Information") as "confidential" in accordance with the provisions of this Protective Order. Confidential Documents and Information shall only be used, shown, or disclosed as provided in this Protective Order. The term "Confidential Documents and Information" as used in this Protective Order shall include all of the information contained in the Confidential Documents and Information. "Confidential Documents and Information" will not include a document or other material or other thing which (1) has been publicly disclosed by the Companies, (2) produced by the Companies in other litigation without being subject to a protective order for confidentiality similar to this Protective Order, or (3) introduced as exhibits or evidence at trial without being under seal or subject to a protective order for confidentiality similar to this Protective Order. The Companies shall not add to the copy of the Confidential Documents and Information produced in this case any diagonal stripes and/or other markings over or across the text or otherwise obscure

the text or eliminate or obscure the designation of "confidentiality." Attached as Exhibit "A" is an example of an acceptable "confidential" designation.

2. <u>Objections to Confidentiality and/or to Confidential Treatment</u>

Plaintiff's counsel may object to any designation of confidentiality on Confidential Documents and Information, to treatment of Confidentiasl Document and Information as confidential and subject to this Protective Order or to the confidential treatment of any portion or part of a Confidential Documents and Information by sending written or electronic (e-mail) notice to counsel for the Companies. The notice shall designate with reasonable particularity the challenged documents and the basis for the challenge. The Companies shall have twenty (20) days to file a motion for a protective order to establish and/or retain the confidential treatment of such Confidential Documents and Information. The Companies shall bear the burden to establish that the challenged Confidential Documents and Information or portion or part thereof are trade secrets or confidential research, development, and commercial information and entitled to confidential treatment under this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

3. <u>Confidential Treatment</u>

Confidential Documents and Information are entitled to confidential treatment in accordance with this Protective Order until (1) the Companies expressly agree in writing that the Confidential Documents and Information are not entitled to confidential treatment or is not subject to the Protective Order, (2) the Court rules that a Confidential Document and Information is not entitled to confidential treatment or is not subject to this Protective Order, or (3) the Companies do not file a motion for a Protective Order within the twenty (20) days after written or electronic notice regarding the objections to the designation of confidentiality or confidential treatment.

4.  Access to Confidential Documents and Information by Counsel and the Parties.

Plaintiff and Plaintiff's counsel shall give, disclose or make available Confidential Documents and Information only to "Qualified Persons." The term "Qualified Persons" means the Court and its officers and clerks, Plaintiff, Plaintiff's counsel, and the paralegals and stenographic, clerical, information technology, and other employees assisting Plaintiff's counsel in this case who have read the provisions of this Order and have agreed to be bound by it by signing the attached "Non-Disclosure Acknowledgement." Plaintiff's counsel shall be responsible to ensure that paralegals and stenographic, clerical, information technology, and other employees assisting Plaintiff's counsel in this case maintain the confidentiality of the Confidential Documents and Information and abide by the terms of this Protective Order. No Qualified Person who obtains a copy or gains access to a Confidential Document and Information may give, disclose, or make available a Confidential Document and Information to any person other than a Qualified Person without the prior written approval of the Companies or the Court.

5.  Access to Confidential Documents and Information by Experts or Consultants.

Independent experts and/or consultants (i.e., non-testifying experts) retained by Plaintiff or Plaintiff's counsel may qualify as "Qualified Persons," provided Plaintiff's counsel first gives a copy of this Protective Order to such expert or consultant, such expert or consultant agrees to abide by the terms of this Protective Order, and such expert or consultant executes an non-disclosure acknowledgment substantially in the form of the Non-Disclosure Acknowledgment attached as Exhibit "B." Plaintiff's counsel shall maintain all such certifications until such time as this action has been concluded and the Confidential Documents and Information are returned to the Companies.

6. <u>Disclosure to Attorneys in Other Cases</u>

Plaintiff's counsel may disclose Confidential Documents and Information to other attorneys only if they are currently involved in a claim or lawsuit against the Companies (or either of them) for personal injuries arising out of a crash of a 1995-2000 Kia Sportage or Sephia with allegations of false latching of the driver's seat belt or a 1995-2002 Kia Sportgage with allegations of defects in window glazing provided Plaintiff's counsel first shows such attorneys this Protective Order, such attorneys agree to abide by the terms of this Protective Order, including the requirement to return all Confidential Documents and Information pursuant to Paragraph 9, and such attorneys execute an acknowledgement substantially in the form of the Non-Disclosure Acknowledgement attached as Exhibit "B." Plaintiff's counsel shall notify counsel for the Companies by letter, facsimile , or e-mail with the name and address of each such attorney within twenty (20) days of disclosure of any Confidential Documents and Information to such attorney. Plaintiff's counsel will maintain the acknowledgments in accordance with Paragraph 5. Plaintiff's counsel also agrees to make a separate list of documents, by Bates number, of all Confidential Documents and Information shared with each other attorney pursuant to this paragraph and shall maintain these lists for a period of five years from the date the documents were sent to the attorney. Plaintiff and Plaintiff's counsel agree that these lists shall be made available if reasonably necessary to determine if there has been a violation of the terms of this Protective Order by an attorney who has received Confidential Documents or Information.

7. <u>Use of Confidential Documents and Information.</u>

Plaintiff and Plaintiff's counsel may use Confidential Documents and Information solely for the purpose of this lawsuit and for no other purpose (except if disclosed to other attorneys as provided in paragraph 6 above).

(1) <u>Other Cases</u>. If Plaintiff's counsel gives, discloses, or makes available any Confidential Documents and Information to an attorney in another case, this Protective Order shall govern the use of the Confidential Documents and Information in that other case, unless and until a protective order is entered in such other case. Unless and until a protectice order or other agreement permitting it is reached in such other case, the attorney with whom Plaintiff or Plaintiff's counsel shares Confidential Documents and Information may not share those Confidential Documents and Information with any other attorneys.

(2) <u>Depositions</u>. Confidential Documents and Information may be used at depositions, in accordance with the following safeguards. The Companies may designate any portion of a deposition as "confidential" under the terms of this Protective Order on the record during such deposition or within seven (7) business days after receipt of the transcript of such deposition. All copies of deposition transcripts that contain testimony or other materials designated as "confidential" shall be prominently marked "confidential" on the cover thereof. If and when any deposition transcripts are filed with the Court, the portions of such transcripts designated as "confidential" shall be filed under seal. Plaintiff shall have the right to challenge the designation of a deposition or part of a deposition as "confidential" in accordance with the provisions of paragraph 2 above.

(3) <u>Trial</u>. The Companies may move the Court for an appropriate court-ordered mechanism to allow Confidential Documents and Information to be used and received into evidence at trial to ensure their protected status is maintained. The party seeking to protect the Confidential Documents and Information at trial shall ensure that the Court reporter is apprised of any such court order and court-ordered mechanism governing the use and admission of such documents and information at trial, and all portions of the trial transcript containing confidential sections shall be bound separately and labeled "confidential." The use or introduction of

Confidential Documents and Information as exhibits at trial in accordance with any such court-ordered mechanism regarding their use and admission shall not constitute a waiver of their confidential status, and such documents shall continue to be subject to the protections afforded by this order unless and until ordered otherwise by the Court.

8. <u>Filing and Sealing</u>.

When Plaintiff's counsel files a Confidential Document and Information including portions of any transcript designated as "confidential," Plaintiff's counsel shall file the Confidential Document and Information including the transcript designated "confidential" in a sealed envelope(s) or other appropriately sealed containers on which shall be endorsed the title of this action and a statement substantially in the following form:

"Filed Under Seal Pursuant to Protective Order"

The envelope or container shall not be opened or released to anyone other than Qualified Persons without a further protective order of the Court. The Clerk of the Court is hereby directed to maintain such Confidential Documents and Information in a separate portion of the Court files not available to the public.

9. <u>Collection of Confidential Documents and Information at Conclusion of Action</u>.

Within sixty (60) days after the conclusion of this action by payment of a judgment or settlement, dismissal, or other termination, Plaintiff's counsel shall collect all Confidential Documents and Information and all copies thereor from experts, consultants, paralegals, stenographic, clerical, information technology, and other employees assisting in this action, as well as from any other attorneys with whom Plaintiff or Plaintiff's counsel has shared Confidential Documents and Information pursuant to Paragraph 6, and return all Confidential Documents and Information to counsel for the Companies, provided that Plaintiff's counsel shall have no obligation to collect or return a Confidential Document and Information that has ceased

to be entitled to confidential treatment or that is no longer subject to this Protective Order or any other protective order issued in this action.

    10.    <u>Translations, Partial Translations and Summaries</u>.

It is anticipated by the parties that Plaintiff or counsel for Plaintiffs may prepare English translations, partial translations or summaries that restate or paraphrase the Confidential Documents and Information. The terms "translations" or "summaries" as used in this paragraph are defined as any documents which purport to be a reliable representation of the specific content of the Confidential Documents and Information. Counsel for Plaintiff may retain such translations, partial translations and summaries following the conclusion of this case. Each such translation, partial translation, and summary shall be marked "confidential" in accordance with the terms of this Protective Order. Even after the conclusion of this case, Plaintiff, counsel for Plaintiff, experts and consultants and any other attorneys who receive such translations, partial translations or summaries pursuant to paragraph 4 of this Protective Protective Order, shall continue to be bound by the terms of this Protective Order as to the future use, disclosure, or dissemination of the confidential, proprietary and trade secret information contained in such translations, partial translations and summaries. All translations, partial translations or summaries, and all copies thereof, which Plaintiff does not wish to retain following the conclusion of this case, shall be destroyed by Plaintiff's counsel. The provisions of this paragraph shall not apply to documents or portions of documents that comprise notes, analysis, mental impressions, communications, or strategies of Plaintiff's counsel, experts or consultants. In particular, the term "summaries" shall not include attorney work product notes, memoranda or attorney analysis.

    11.    <u>Amendments</u>.

Nothing in this Protective Order shall prohibit a party or other person from seeking

amendments or modification of this Protective Order to broaden or restrict the rights of access to and the use of Confidential Documents and Information, or contesting the designation of "confidentiality" or identification of Qualified Person.

11. Jurisdiction.

All parties or persons who sign a non-disclosure acknowledgment or agree to abide by this Protective Order also agree to submit to the jurisdiction of this Court, the United States District Court for the Southern District of Mississippi, Jackson Division, with regard to any disputes arising out of this Protective Order.

IT IS SO ORDERED this 26th day of January, 2006.

_Alfred M. Nicols_
UNITED STATES MAGISTRATE JUDGE

STIPULATED:

s/Jill M. Madajczyk
Patrick M. Ardis
Jill M. Madajczyk
WOLFF ARDIS, P.C.
5810 Shelby Oaks Drive
Memphis, Tennessee 38134
Telephone: 901/763-3336
Facsimile: 901/763-3376

OF COUNSEL:

Michael G. Thorne
THORNE & ASSOCIATES
112 North Broadway
Tupelo, Mississippi 38804
Telephone: 662/844-0944

Attorneys for Plaintiff

s/Jennifer A. Rogers
David L. Ayers
Jennifer A. Rogers
WATKINS & EAGER PLLC
The Emporium Building
400 East Capitol Street, Suite 300
Jackson, MS 39201
Telephone: 601/948-6470
Facsimile: 601/354-3623

OF COUNSEL:

Christopher C. Spencer (VSB No. 21878),
_pro hac vice_
Robert L. Wise (VSB No. 42030), _pro hac vice_
BOWMAN AND BROOKE LLP
Riverfront Plaza – West Tower
901 E. Byrd Street, Suite 1500
Richmond, Virginia 23219
Telephone: 804/649-8200
Facsimile: 804/ 649-1762

Attorneys for Kia Motors America, Inc. and Kia Motors Corporation

EXHIBIT A: NON-DISCLOSURE ACKNOWLEDGEMENT

  I hereby acknowledge and affirm that I have read the terms and conditions of the Protective Order entered by the Court in this matter on _____ [Fill in Date Here]. I understand the terms of the Protective Order. I agree to its terms. I understand that my agreement to its terms is a condition of my access to the confidential documents, things and information. Moreover, I hereby consent to the jurisdiction of the above-captioned Court for the purpose of enforcing the terms of the Protective Order.

  I recognize that any breach of this Non-Disclosure Acknowledgement or of the Protective Order may be punishable as a contempt of court. All civil remedies for breach of this Non-Disclosure Acknowledgement are specifically reserved by the Companies and are not waived by the disclosure or Protective Order. Moreover, I recognize that the Companies may pursue all civil remedies available to them as a third-party beneficiary of my agreement.

Dated: _____  _____
                    (NAME)

                _____
                (FIRM NAME)

                _____
                (ADDRESS)

                _____
              (CITY) (STATE) (ZIP)

                _____
              (TELEPHONE NUMBER)

STATE OF _____
COUNTY\ OF _____

  The foregoing instrument was acknowledged before me this _____ day of _____, 2006 by _____, who is personally known to me or who has produced _____ (form of identification) as identification.

                (SEAL)

                _____
                NOTARY PUBLIC