```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        JACKSON DIVISION
```

**Estate of SUSAN VAUGHAN,**
**WESLEY VAUGHAN, Husband and**
**WESLEY VAUGHAN on behalf of**
**ELIZABETH CAMPBELL, EMILY**
**CAMPBELL, and THOMAS CAMPBELL,**
**Minor Child**                                              **PLAINTIFFS**

VS.                                        CIVIL ACTION NO. 3:05-CV-38BS

**KIA MOTORS AMERICA, INC. and**
**KIA MOTORS CORPORATION**                                   **DEFENDANTS**

## OPINION AND ORDER

This cause is before the Court on the Motion of Defendant Kia Motors Corporation ("KMC") to Reconsider (docket entry no. 136), which the Court construes as an Objection to Magistrate Judge's Order ("Defendant's Objection"), and Plaintiffs' Objection and Application for Review of Portions of Magistrate Judge's Order (docket entry no. 138; "Plaintiffs' Objection").

Both Objections ask this Court to reverse certain aspects of the May 19, 2006, Order of United States Magistrate Judge James C. Sumner (" May 19 Order"). Defendant KMC seeks review of the portion of the May 19 Order that requires KMC representatives to travel to the United States for Rule 30(B)(6) depositions. Conversely, Plaintiffs seek review of the part of the May 19 Order that denied Plaintiffs' request to extend the discovery deadline to designate

rebuttal expert witnesses. The Court will now consider these Objections.

### I. Defendant's Objection

In the May 19 Order, Judge Sumner granted Plaintiffs' Motion to Compel, which asked that Defendant KMC be ordered to produce its corporate representatives for Rule 30(b)(6) depositions in the United States rather than at the principal place of business and corporate headquarters of KMC in Seoul, Korea. KMC now appeals that decision, arguing that the general rule of holding Rule 30(b)(6) depositions at the principal place of business of the corporation should not be disregarded.

Pursuant to Rule 72.1(A)(2) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, this Court must review a magistrate judge's decision under a clearly erroneous or contrary to law standard.[1] After considering Defendant's Objection, the Court finds that the May 19 Order of Judge Sumner is not clearly erroneous or contrary to law. Accordingly, the May 19 Order should not be disturbed as to the locations of the Rule 30(b)(6) depositions.

---

[1] Rule 72.1(A)(2) states, "[n]o ruling of a magistrate judge in any matter which he or she is empowered to hear and determine shall be reversed, vacated, or modified on appeal unless the district court shall determine . . . that the magistrate judge's ruling is clearly erroneous or contrary to law."

## II. Plaintiffs' Objection[2]

Judge Sumner also, in the May 19 Order, considered Plaintiffs' Motion for Protective Order, which asked (1) that Defendants be precluded from deposing Plaintiffs' experts until after the Rule 30(b)(6) depositions of Defendants' corporate representatives and (2) that the discovery deadline be extended to allow Plaintiffs to designate rebuttal experts. Judge Sumner denied both requests, but explained that Plaintiffs could supplement their experts' reports after the Rule 30(b)(6) depositions and/or move for leave to designate additional experts out of time. Plaintiffs now object to the portion of the May 19 Order pertaining to rebuttal experts.

At first glance, Plaintiffs' Objection appears to challenge the statement in the May 19 Order that "[t]he rules do not provide for 'rebuttal experts.'"[3] However, a closer reading of Plaintiffs' Objection reveals that Plaintiffs are essentially objecting to Judge Sumner's ruling that the discovery deadline should not be extended to allow for the _designation_ of rebuttal experts. Thus, the issue before the Court is whether a plaintiff is allowed, under the Federal Rules of Civil Procedure, to wait until after the

---

[2] Defendants contend that Plaintiffs' Objection should be denied as untimely. The Court, however, finds that the Objection was timely filed by Plaintiffs pursuant to Rule 6(a),(e).

[3] All parties seem to agree that a plaintiff has the right to put on rebuttal expert testimony at trial. A plaintiff may even choose to call a new rebuttal expert witness at trial that was not a witness during the plaintiff's case-in-chief.

defendant has designated his expert witness(es) before designating a rebuttal witness(es).

Rule 26(a)(2)(C) provides, in pertinent part, that "[expert witness] disclosures shall be made at the times and in the sequence *directed by the court*." (Emphasis added). Thus, based on the language of Rule 26(a)(2)(C), the Court has the authority to control the timing and sequence in which expert designations are made. This authority includes determining whether a plaintiff can make a second designation of experts for purposes of rebuttal. It has long been the practice in this Court, under the authority of Rule 26(a)(2)(C), to set a deadline in the case management order for plaintiff's designation of expert(s) and a deadline for defendant's designation of expert(s) thirty days after plaintiff's deadline. Plaintiffs are now essentially asking the Court to change this practice and allow them to make a second designation of experts to rebut Defendants' experts.

The Court can foresee very few situations when a rebuttal witness designation would be necessary. In the vast majority of cases, a plaintiff has no reason to designate a new rebuttal expert after the defendant's expert is designated. Ordinarily, where rebuttal expert testimony is necessary, a plaintiff will choose to use the same expert that plaintiff originally designated to rebut the defendant's expert, in which case a new designation is unnecessary. Under these circumstances, the plaintiff's expert can

4

simply supplement his report as required by Rule 26(e)(1). Only when the defendant's expert raises new issues in his report that were not raised in the plaintiff's expert's report and the plaintiff must call a new expert to rebut that information is there a need for a rebuttal expert designation.

Because a new rebuttal expert designation by a plaintiff is rarely necessary, the Court sees no reason why it should depart from its customary practice regarding designation of experts. The Court believes that the prudent course of action, as Judge Sumner correctly determined, is for the plaintiff to move for leave of court to designate a new rebuttal witness if such expert is necessary.

Accordingly, the Court concludes that Judge Sumner correctly concluded that Plaintiffs' are not entitled to a second designation of rebuttal experts, without leave of court. Plaintiffs' Objection is therefore not well taken.

### III. Conclusion

Based on the holdings presented above:

IT IS THEREFORE ORDERED that the Motion of Defendant Kia Motors Corporation to Reconsider [docket entry no. 136], construed as an Objection to Magistrate Judge's Order, is hereby denied.

IT IS FURTHER ORDERED that Plaintiffs' Objection and Application for Review of Portions of Magistrate Judge's Order [docket entry no. 138] is hereby denied.

SO ORDERED this the 29th day of June, 2006.

                                        s/ William H. Barbour, Jr.
                                        UNITED STATES DISTRICT JUDGE

blj